United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

STEVEN JAFFE,

    Petitioner,

vs.

EDMUND G. BROWN, JR., Governor,
MATTHEW KRAMER, Warden,

    Respondent.
_____/

No. C 05-4439 PJH

**ORDER DISMISSING UNEXHAUSTED CLAIM AND GRANTING MOTION FOR STAY AND/OR ABEYANCE**

    Petitioner Steven Jaffe's motion for a stay and/or an abeyance is currently before the court. Having reviewed the parties' papers, the record, and having carefully considered their arguments and the relevant legal authorities, the court GRANTS the motion.

**BACKGROUND**

    On November 1, 2005, Jaffe filed a pro se habeas petition with this court. At the time that Jaffe filed the petition, he was in state custody. The case was assigned to the Honorable Martin Jenkins. On March 21, 2006, Judge Jenkins issued an order to show cause, noting that Jaffe's petition raised eleven claims for relief. Subsequently, after the petition was fully briefed, on April 7, 2008, the case was reassigned to the undersigned judge. On March 30, 2009, the court denied Jaffe's petition, including all eleven claims for relief, and on July 24, 2009, denied Jaffe's request for a certificate of appealability ("COA").

Jaffe appealed, and on November 17, 2010, the United States Court of Appeals for the Ninth Circuit granted a COA on four issues, including a Confrontation Clause claim that was not addressed in Judge Jenkins' order to show cause or in the undersigned judge's March 30, 2009 order denying the habeas petition or in the state court petitions that preceded this federal action. On April 4, 2012, the Ninth Circuit affirmed in part and reversed in part. It affirmed on all three of the four issues that had been addressed and denied by this court in its March 30, 2009 order. However, the Ninth Circuit perceived a Confrontation Clause claim in Jaffe's November 1, 2005 petition that neither Judge Jenkins nor this court addressed, and concluded that although the claim was not "fairly presented" to the state courts and it was not entirely clear that Jaffe "raised"[1] such a claim before this court, it was nevertheless "sufficiently argued" in the papers before this court to warrant further proceedings.

The Ninth Circuit further suggested that it found the Confrontation Clause claim to be potentially meritorious, noting that it was "exceedingly troubled by Confrontation Clause implications that arise from the admission of [Officer David] Miller's preliminary hearing testimony at trial," but that it was unable to reach the merits of the claim because Jaffe had not exhausted it before the state appellate courts. While concluding that the claim was not exhausted, the Ninth Circuit remanded the matter for this court to "determine in the first instance whether any California procedure remains available to Jaffe for raising [the Confrontation Clause claim]," and if so to "exercise its discretion to determine whether Jaffe's petition should be stayed pursuant to either of the procedures outlined in *King* [*v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009)]."

---

[1] This court is not entirely clear regarding how it should have been on notice that Jaffe's November 2005 petition contained a Confrontation Clause claim. Jaffe's pro se federal habeas petition attached his California Supreme Court petition for review as the source of his federal habeas claims. Since that state court petition for review, as acknowledged by the appellate court, did not include a Confrontation Clause claim, it is difficult to understand how the federal habeas petition, which incorporated that state petition, could have been construed by this court to have "raised" such a claim.

Subsequently, on June 19, 2012, the court granted petitioner's motion to appoint counsel and ordered the parties to address: (1) whether any state procedure remains available that would allow petitioner to exhaust the Confrontation Clause claim in the California courts; and (2) if such a procedure does exist, whether proceedings in this case should be stayed to allow petitioner to exhaust.

In response, Jaffe filed a motion for a stay and/or abeyance of the instant federal habeas proceeding so that he is able to exhaust the Confrontation Clause claim before the state courts. The state opposed the motion, and Jaffe filed a reply.

**DISCUSSION**

**A.     Jaffe's Motion**

    **1.     Availability of State Court Relief**

Jaffe argues that he may file a motion to recall the remittitur with the state appellate courts allowing him to raise and exhaust the Confrontation Clause claim. In his opening papers, Jaffe seemed to suggest that he could exhaust the Confrontation Clause claim by raising an ineffective assistance of counsel claim in the context of a motion to recall the remittitur.

In opposition, the state argues that a motion to recall the remittitur is no longer available to Jaffe because he was discharged from state custody on April 20, 2010, and that under state law, the judgment has therefore expired, rendering relief no longer available. The state asserts that typically, under state law, a habeas petition may be treated as a motion to recall the remittitur, or vice versa, and suggests that the state courts would treat any motion to recall the remittitur filed by Jaffe as a habeas petition. However, it argues that now that Jaffe is no longer in state custody, habeas relief is not available under state law. *See People v. Villa*, 45 Cal.4th 1063 (2009). Additionally, the state suggests that the state courts would not permit Jaffe's motion to recall the remittitur because he cannot demonstrate to the state courts that he exercised due diligence, arguing that there was nothing to bar Jaffe from filing a habeas petition before the state courts

raising the Confrontation Clause claim before now.

The state also construes Jaffe's opening motion as suggesting that he would raise an ineffective assistance of counsel claim - as opposed to a Confrontation Clause claim - before the state courts. The state asserts that to do so would not actually constitute "fair presentation" of the Confrontation Clause claim found by the Ninth Circuit for federal habeas exhaustion purposes. It notes that an ineffective assistance of counsel claim and the Confrontation Clause claim require proof of different elements.

In reply, Jaffe counters that a motion to recall the remittitur is indeed available, and that criminal judgments do not "expire" under state law. Jaffe acknowledges that a state petition for writ of habeas corpus is unavailable because he is no longer in custody. However, he contends that the same custody restriction does not apply to a motion to recall the remittitur, and that a motion to recall the remittitur is not simply another name for a habeas petition, but instead constitutes a distinct remedy. He argues that it is not apparent that the state courts would apply the custody requirement of habeas petitions to a motion for recall, and suggests that the decision whether or not to do so is up to the state courts - and not for this court to speculate.

Jaffe further counters that there is no fixed time limit for bringing a motion to recall the remittitur before the state courts, and that this court should not speculate that the state courts would deny the motion for lack of diligence. He contends that at every stage in which he was in control of the proceedings - including his pro se federal habeas petition - he raised the Confrontation Clause claim. He asserts that it was only when court-appointed counsel filed his state court appeal that the claim was not raised.

Jaffe then clarifies that the basis on which he will seek recall of the remittitur is that his counsel provided ineffective assistance when he failed to perfect a potentially meritorious claim. However, he states that the "good cause" for seeking to reopen the appeal, or "the *substantive* matter that the state court [will be] asked to consider is the Confrontation Clause claim." Reply at 7 n.7. He thus asserts that the state is mistaken that

4

he intends to present the ineffective assistance of counsel claim as his constitutional claim *on appeal* assuming the motion for remittitur is granted. Instead, he clarifies that the ineffective assistance of counsel claim will constitute his proffered grounds for *why* the state should recall remittitur, but that, assuming the motion is granted, on appeal, he would raise the Confrontation Clause claim. Nevertheless, for exhaustion purposes, Jaffe argues that the litigation of a motion to recall the remittitur raising an ineffective assistance of counsel claim would be adequate on its own to "exhaust the underlying substantive claim, here, the Confrontation Clause claim."

In sum, Jaffe contends that the possibility that the state court will reopen the appeal is enough reason for this court to stay and abey the pending petition.

Normally, when this court grants a motion for a stay or abeyance, the petitioner is still in custody and presents the claim to the state court for exhaustion purposes via a state habeas petition. Here, though, since Jaffe is now out of custody, effective April 2010, both parties agree that state habeas proceedings are currently unavailable to him. *See Villa*, 45 Cal.4th at 1068, 1071 (noting that "a necessary prerequisite for issuance of the writ is the custody or restraint of the petitioner by the government" and that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it").

The alternative procedure is a motion to recall remittitur, which is "a unique California post-conviction remedy whereby the petitioner asks the Court of Appeal or Supreme Court to reassert its jurisdiction over a case after it has relinquished that jurisdiction by issuing a remittitur following the final determination of the appeal." *See Hayward v. Stone*, 496 F.2d 844, 845-46 (9th Cir. 1974) (citations omitted). "Though traditionally the use of an application to recall the remittitur has been limited, its scope has been so broadened in recent years that the motion to recall serves functions similar to those of certiorari and habeas corpus in the field of post-conviction review." *Id.*

Whether or not to recall the remittitur is up to the appellate court's discretion. *Id.* Typically, California appellate courts have held that a motion to recall remittitur may be used on the basis of fraud or a mistake in fact that resulted in a miscarriage of justice. *See In re Martin*, 58 Cal.2d 133, 139 (1962). A remittitur may also be recalled on the ground of ineffective assistance of counsel. *Hayward*, 496 F.2d at 845-46 (citing *People v. Rhoden*, 6 Cal.3d 519 (1979)); *People v. Valenzuela*, 175 Cal.App.3d 381, 391 (1985) *overruled on other grounds by People v. Flood*, 18 Cal.4th 470, 490 n.12 (1998) (holding that jury instruction error and/or sufficiency of evidence not adequate grounds to recall remittitur, but that ineffective assistance of counsel based on those underlying errors could provide basis for recalling remittitur)).

As noted above, the state's primary objections to a motion to recall the remittitur are: (1) that a motion to recall would be treated by the state courts as a habeas petition and thus barred because Jaffe is now out of custody; (2) there is no longer a criminal judgment for the state appellate courts to affirm or reverse now that Jaffe is out of custody; and (3) that the state courts would dismiss a motion to recall the remittitur because Jaffe has not shown due diligence.

It is unclear to this court whether the state appellate courts would actually treat a motion to recall the remittitur as a habeas petition and/or whether they would apply the same custody requirements associated with a writ of habeas corpus to such a motion. Moreover, it is not clear to this court that the state appellate courts would deem the criminal judgment expired under California law, and thus preclude Jaffe from seeking relief on that basis. Furthermore, it is difficult to speculate how the state courts would resolve any issue related to Jaffe's diligence in bringing the motion.

Given that the Ninth Circuit has determined that Jaffe's November 2005 federal habeas petition raised a potentially meritorious Confrontation Clause claim, assuming that Jaffe is entitled to a stay under *King*, 564 F.3d at 1138–41, as discussed below, this court will permit Jaffe the opportunity to file a motion to recall the remittitur and to seek

exhaustion of the Confrontation Clause claim before the state courts. By permitting Jaffe this opportunity to seek relief, this court is not dictating to the state courts the particular procedure they must follow and/or whether they are required to grant such a motion to enable Jaffe to raise the Confrontation Clause claim on appeal. The court simply grants Jaffe permission to attempt to exhaust the claim.

As noted, the state raises an additional issue regarding whether Jaffe would be able to present the Confrontation Clause claim before the state courts sufficiently for federal habeas exhaustion purposes in the context of motion to recall the remittitur. Both Jaffe and the state assume that he would be required to raise appellate counsel's ineffective assistance in failing to bring the Confrontation Clause claim - as opposed to the Confrontation Clause claim in and of itself - as the basis for the motion to recall the remittitur. This appears to be correct given that the California courts have recognized ineffective assistance of counsel as a basis for recalling remittitur. However, it was *not* the ineffective assistance of counsel claim that the Ninth Circuit found Jaffe raised in his federal habeas petition, but instead the underlying Confrontation Clause claim. Accordingly, it is essential that Jaffe "fairly present" and exhaust the Confrontation Claim.

To exhaust the factual basis for the claim, "the petitioner must only provide the state court with the operative facts, that is all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies." *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (citations omitted). It is not sufficient to raise only the facts supporting the claim; rather, "the constitutional claim . . . inherent in those facts" must also be brought to the attention of the state court. *See Picard v. Connor*, 404 U.S. 270, 277 (1971).

As noted above, Jaffe has clarified that if the state court were to grant his motion to recall the remittitur and reinstate the appeal, that *on appeal,* he would raise the Confrontation Clause claim - *not* an ineffective assistance of counsel claim. He notes that he would only raise the ineffective assistance of counsel issue as a basis for recalling the remittitur.

If the state appellate courts grant the motion to recall the remittitur, and subsequently adjudicate the Confrontation Clause claim on the merits, then the Confrontation Clause claim would clearly be fairly presented for exhaustion purposes. However, contrary to Jaffe's position otherwise, if the state court denied his motion and he was never able to "present" the Confrontation Clause claim, then it is unlikely that claim would be fairly presented for exhaustion purposes. The Ninth Circuit has held that claims that trial and/or appellate counsel were ineffective in failing to raise a claim in the state courts *do not* fairly present the underlying claim to the state courts. *Rose v. Palmateer*, 395 F.3d 1108, 1112 (9th Cir. 2005) (holding that state court claims that trial counsel and appellate counsel were ineffective in failing to challenge the admission of a confession did not fairly present to the state courts the underlying claim that the admission of the confession was a violation of petitioner's rights Fifth and Fourteenth Amendment).[2]

However, again, whether Jaffe will have fairly presented the Confrontation Clause claim for federal habeas exhaustion purposes requires speculation at this stage since it is unclear how the state courts will treat and resolve a motion to recall the remittitur. Assuming Jaffe is entitled to a stay, following Jaffe's return from state court, this court will make the determination, if necessary, regarding whether the Confrontation Clause has been fairly presented.

**2.     Entitlement to Stay and Abeyance**

**a.     Legal Standards**

In *King*, the case that the Ninth Circuit directed this court to apply, the Ninth Circuit recognized that there are two approaches for analyzing stay-and-abey motions—one provided for by *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002), and the other by *Rhines v.*

---

[2]The case relied on by Jaffe for his contention otherwise does not actually support his argument, and it is from 1974, long before the Ninth Circuit decided *Rose v. Palmateer*, cited above in 2005. *See Hayward v. Stone*, 496 F.2d 844, 845-46 (9th Cir. 1974) (determining that petitioner's ineffective assistance of counsel claim presented in a motion to recall remittitur that was denied by California appellate court was presented to and exhausted by state courts).

8

*Weber*, 544 U.S. 269 (2005). *See King*, 564 F.3d at 1138–41.

*Kelly* provides that a district court may stay a petition containing only exhausted claims and hold it in abeyance pending exhaustion of additional claims which may then be added to the petition through amendment. 315 F.3d at 1070–71; *King*, 564 F.3d at 1135. If a petition contains both exhausted and unexhausted claims (a so-called "mixed" petition), a petitioner seeking a stay under *Kelly* must dismiss the unexhausted claims from the petition and seek to add them back in through amendment after exhausting them in state court. *King*, 564 F.3d at 1138–39. If AEDPA's statute of limitations has expired, the petitioner must show that the amendment of any newly exhausted claims back into the petition satisfies *Mayle v. Felix*, 545 U.S. 644, 655 (2005), because the claims share a "common core of operative facts" with other exhausted claims. *King*, 564 F.3d at 1141-43.

Under *Rhines*, the other alternative, a district court may stay a mixed petition in its entirety, without requiring dismissal of the unexhausted claims while the petitioner attempts to exhaust them in state court. *King*, 564 F.3d at 1139–40. Unlike the *Kelly* procedure, however, *Rhines* requires that the petitioner show good cause for failing to exhaust the claims in state court prior to filing the federal petition. *Rhines*, 544 U.S. at 277–78; *King*, 564 F.3d at 1139. In addition, a stay pursuant to *Rhines* is inappropriate where the unexhausted claims are "plainly meritless" or where the petitioner has engaged in "abusive litigation tactics or intentional delay." *Id.*

### b. Analysis

Jaffe has argued that he is entitled to a stay and abeyance both under *Rhines* and under *Kelly,* and the state has opposed the stay request under both alternatives as well. For the reasons discussed below, the court concludes that Jaffe is entitled to a stay and abeyance under *Kelly* and therefore need not address the parties' respective arguments or Jaffe's entitlement to a stay under *Rhines.*

In arguing that he is entitled to a stay and abeyance under *Kelly*, Jaffe acknowledges that utilizing the procedure in *Kelly* would typically result in a claim being

time-barred by AEDPA's statute of limitations, but argues that in his case, the Confrontation Clause claim would "relate back" to time the original petition was filed because it shares a common core of operative facts with the *Brady* claim, which he clearly raised and which this court and the Ninth Circuit both addressed.  The state counters that Jaffe is not entitled to a stay under *Kelly* because the Confrontation Clause claim would not relate back to the *Brady* claim contained in the original petition, and thus would be untimely.

There is no question that as of the date of this order, AEDPA's statute of limitations has expired since established Supreme Court law is clear that the filing and pendency of the federal habeas petition did not toll AEDPA's statute of limitations.  *See Duncan*, 533 U.S. at 172.  Accordingly, under *Kelly*, Jaffe is required to demonstrate that the Confrontation Clause claim shares a "common core of operative facts" with the claims in the pending petition.  *See King*, 564 F.3d at 1141; *Mayle*, 545 U.S. at 659.

Because Jaffe's November 2005 federal habeas petition does not, in this court's opinion, adequately explain any Confrontation Clause claim, the court has reviewed Jaffe's appellate brief filed before the Ninth Circuit, of which it may properly take judicial notice, in order to ascertain the nature of his claim.

In his opening brief on appeal before the Ninth Circuit, Jaffe framed his Confrontation Clause claim as follows:

> In *Crawford v. Washington*, the Supreme Court restated what it said had been the recognized constitutional requirement for more than a century: In a criminal trial, "prior trial or preliminary hearing testimony is admissible only if the defendant had an adequate opportunity to cross-examine." *Crawford*, 541 U.S. at 57; *discussing Mattox v. United States*, 156 U.S. 237, 244 (1895). And to clear up any confusion that had accrued in the interim, the Court adopted an "absolute bar" to the use of any prior testimony which does not meet that test, regardless of whether other safeguards are employed or "indicia of reliability" found.  *Crawford*, 541 U.S. at 60, et seq. "It is not enough to point out that most of the usual safeguards of the adversary process attend the statement, when the single safeguard missing is the one the Confrontation Clause demands." Id. at 65.
>
> The State court violated this clear, bright-line rule by allowing the prosecution to read the prior, uncross-examined testimony of Officer David Miller to the jury, and to rely on that evidence to obtain Appellant's conviction.
>
> In its response below, the State countered that Appellant was given the

10

> "opportunity" to cross-examine Miller at the preliminary hearing -- which (the State contends) is all the Confrontation Clause requires. The contention is inaccurate. As the Supreme Court has made clear, it is not enough for the defense to have been permitted some opportunity to cross-examine -- rather, the Confrontation Clause guarantees the "right of effective cross-examination," and its denial is "constitutional error of the first magnitude." *Davis v. Alaska*, 415 U.S. 308, 318 (1974) [emphasis supplied]; *United States v. Larson*, 495 F.3d 1094, 1102 (9th Cir. 2007) [ en banc], cert. denied, 552 U.S. 1260 (2008).
>
> At the barest minimum, the right to "effective" cross-examination includes the opportunity to question the witness about matters necessary for the trier of fact to assess the witness's reliability and credibility. *Davis v. Alaska*, 415 U.S. at 318; *United States v. Larson*, 495 F.3d at 1102; *see also, Vasquez v. Kirkland*, 572 F.3d 1029, 1038 (9th Cir. 2009); *Fowler v. Sacramento County Sheriff's Dept.*, 421 F.3d 1027, 1035 (9th Cir. 2005).
>
> In the instant case, those facts included David Miller's unlawful and dishonest activities -- and particularly his criminal abuse of his position as a police officer. But Appellant did not have an opportunity to cross-examine Miller regarding those facts at the preliminary hearing -- the only time Miller ever testified -- because the State had made a decision to hide that information, and neither Appellant nor his defense attorney had any idea it existed.
>
> In short, because Appellant was denied the opportunity to effectively cross-examine David Miller when he testified at the preliminary hearing, the Confrontation Clause stood as an "absolute bar" to the use of that testimony at Appellant's trial. *Crawford v. Washington*, 541 U.S. at 60.

Jaffe's May 6, 2011 Opening Brief on Appeal, 2011 WL 1849179 at *26.

As noted, Jaffe contends that the above claim shares the same operative facts as his *Brady* claim. In conjunction with that claim, Jaffe argued before this court that his right to due process was violated because the prosecutor failed to disclose prior to the preliminary hearing that Officer Miller was under investigation for committing federal crimes. He contended that if the evidence had been disclosed to the defense prior to the preliminary hearing, Officer Miller would not have testified at the preliminary hearing. Accordingly, he claimed that this would have prevented the prosecutor from being able to present at trial testimony by Officer Miller about finding methamphetamine in his wallet and cocaine in his jacket.

In *Mayle,* the seminal United States Supreme Court case on point, the petitioner originally alleged a Sixth Amendment Confrontation Clause violation based on the admission into evidence of a witness' videotaped testimony. 545 U.S. at 648–49. After

11

AEDPA's one-year time limit had passed, the petitioner sought to add a new claim that his Fifth Amendment rights against self incrimination were violated during his pretrial interrogation by police. *Id.* Applying the "time and type" test, the Supreme Court determined that the petitioner's own pretrial statements were different in time and type from a witness' videotaped testimony, and thus his new claim did not relate back. *Id.* at 657. The Court rejected the petitioner's argument that the relevant "transaction or occurrence" for relating back amended claims was his trial and conviction, pointing to Congress' desire to "advance the finality of criminal convictions" when it enacted the AEDPA. *Id.* at 662. It reasoned that if new claims could be added so long as they arose out of the trial or conviction, the AEDPA time limit would be almost meaningless. *Id.*

Contrary to the facts of *Mayle*, the court finds that under the "time and type" test, the Confrontation Clause claim here, as set forth above, shares a "common core of operative facts" with the claims in the pending petition, notably the *Brady* claim. As for "type," both claims concern the impact of the admission of Officer Miller's preliminary hearing testimony on the jury's conviction, and they are both based on the fact that Officer Miller testified that he found drugs on the petitioner. Moreover, as for *timing*, both claims concern events that occurred prior to or at Jaffe's preliminary hearing.

For these reasons, the court concludes that Jaffe is entitled to a stay and abeyance under *Kelly.* 315 F.3d at 1070–71; *King*, 564 F.3d at 1135.

**CONCLUSION**

Jaffe's motion for a stay or abeyance pending exhaustion of the Confrontation Clause claim is GRANTED, and this matter is STAYED on the conditions listed below. In accordance with *Kelly*, this court will DISMISS without prejudice the Confrontation Clause claim that the Ninth Circuit perceived to be raised in Jaffe's November 2005 federal habeas petition so that Jaffe may return to state court to file a motion to recall the remittitur in order to attempt to exhaust the Confrontation Clause claim. 315 F.3d at 1071.

Because of this court's concern regarding excessive delay, the stay, however, is not

without limits.  The stay is subject to the following conditions:

    (1) Jaffe must institute state court proceedings within 30 days of this order;

    (2) Jaffe must return to this court to amend the instant petition within 30 days after the state courts have completed their review of his claim;

    (3) If either condition of the stay is not satisfied, this court may vacate the stay *nunc pro tunc* and act on the instant petition.

**IT IS SO ORDERED.**

Dated: October 25, 2012

                      PHYLLIS J. HAMILTON
                      United States District Judge