UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN JAFFE,

            Petitioner,

  vs.

EDMUND G. BROWN, Jr., et al.,

            Respondents.
_____/

No. C 05-4439 PJH

**ORDER TO SHOW CAUSE**

      Petitioner Steven Jaffe has filed a first amended petition pursuant to 28 U.S.C. § 2254.  Pursuant to Federal Rule of Civil Procedure 15, the court grants leave to file the amended petition.  The stay entered October 25, 2012 is hereby lifted.

      On remand, the court dismissed the Confrontation Clause claim identified by the Ninth Circuit, granted petitioner's motion to stay the petition pending state court proceedings to attempt to exhaust the Confrontation Clause claim, and ordered petitioner to return to this court to amend the petition within 30 days after the state courts had completed their review.  Doc. no. 73.  In a status report filed May 10, 2013, petitioner informed the court that he filed a motion to recall remittitur in the court of appeal which was fully briefed as of March 13, 2013.  Petitioner did not provide a further report on the status of the state court proceedings until he filed the amended habeas petition on October 25, 2013, in which he stated that the court of appeal summarily denied the motion to recall remittitur on June 12, 2013.  Petitioner further stated that he filed a petition for review on the ground that his conviction violated the Confrontation Clause, which the California Supreme Court denied on October 2, 2013.

      In the first amended petition, petitioner asserts that he has exhausted the Confrontation Clause claim and amends the petition to include that claim.  As noted in the order dismissing the unexhausted claim and staying the petition, the court reserved the

question whether the Confrontation Clause claim was fairly presented in state court for exhaustion purposes. Doc. no. 73 at 8. In particular, it is not clear whether the court of appeal's summary denial of the motion to recall remittitur amounts to a ruling on the merits, akin to a summary denial of a petition for review by the state supreme court. Although non-exhaustion is an affirmative defense, petitioner bears the burden of proof that state judicial remedies were properly exhausted. *See Batchelor v. Cupp*, 693 F.2d 859, 863 (9th Cir. 1982) ("the exhaustion requirement of § 2254 will not be deemed satisfied until the petitioner demonstrates that his claim has been presented to the state's highest court, or that no state remedy is available and that the nonavailability was not caused by a deliberate bypass."). Nevertheless, as the Ninth Circuit has deemed this claim to appear colorable under 28 U.S.C. § 2254, this claim merits an answer or other response from respondents. Given the procedural history and posture of this case, the court anticipates that respondent will file a motion to dismiss.

For the foregoing reasons, IT IS HEREBY ORDERED that, within 60 days of the date of this order, respondents shall file an answer, or otherwise respond to the first amended petition, showing cause why a writ of habeas corpus should not be issued on the Confrontation Clause claim. Respondents shall file with the answer and serve on petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition. Petitioner shall respond to the answer, or any motion to dismiss, within 30 days of the filing of the answer or motion to dismiss. If a motion is filed, respondents shall file a reply within 14 days of the filing of any opposition. No hearing will be set on the motion unless deemed necessary by the court.

**IT IS SO ORDERED.**

Dated: November 8, 2013

PHYLLIS J. HAMILTON
United States District Judge