UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN JAFFE,

        Petitioner,

   v.

EDMUND G. BROWN, Jr., Governor; MATTHEW KRAMER, Warden,

        Respondents.

No. C 05-4439 PJH

**ORDER DENYING IN PART AND GRANTING IN PART RESPONDENT'S MOTION TO DISMISS**

Before the court is the motion of respondent Matthew Kramer to dismiss the second amended petition for writ of habeas corpus. Petitioner Steven Jaffe has filed an opposition and respondent has replied. The court determines that the matter is suitable for decision without oral argument. Having considered the relevant legal authority and the parties' papers, the court DENIES IN PART AND GRANTS IN PART the motion to dismiss.

**I.    Background**

In 2003, a jury in Alameda County Superior Court convicted petitioner of seven counts, including five counts arising from his simultaneous possession of methamphetamine, cocaine, a nine-millimeter handgun, a .25 caliber handgun, and ammunition. Petitioner was also convicted of possessing cocaine while armed with a loaded, operable nine-millimeter handgun and a loaded, operable .25 caliber handgun. The trial court sentenced petitioner to a total term of nine years and four months in state prison.

Petitioner appealed the state court judgment and concurrently filed a habeas petition in the court of appeal. The court of appeal vacated the conviction for the count of simple possession of cocaine on the grounds that it was a lesser-included offense of possessing cocaine while armed with a loaded, operable handgun, and otherwise affirmed the judgment. The court of appeal summarily denied the petition for a writ of habeas corpus.

Petitioner then filed two petitions for review in the California Supreme Court, one seeking review of the court of appeal's decision on direct appeal and one seeking review of the court of appeal's summary denial of the habeas petition. The California Supreme Court initially granted review of the court of appeal's decision on direct appeal, but subsequently dismissed its decision granting review on September 7, 2005. The California Supreme Court also summarily denied review of the habeas petition.

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which the court denied by order entered March 30, 2009. On July 24, 2009, the court denied Jaffe's request for a certificate of appealability ("COA").

Jaffe appealed, and on November 17, 2010, the United States Court of Appeals for the Ninth Circuit granted a COA on four issues, including a Confrontation Clause challenge to the admission of Officer Miller's preliminary hearing testimony, which was not addressed in the order to show cause, in the March 30, 2009 order denying the habeas petition, or in the state court petitions that preceded this federal action. On appeal, Jaffe elected not to pursue one of the issues certified for appeal, namely, whether the evidence was sufficient to sustain his convictions for possession of cocaine while armed with an operable handgun, including the related claims of prosecutorial misconduct and ineffective assistance of counsel. By memorandum disposition entered April 4, 2012, the court of appeals affirmed the denial of habeas relief on the two remaining issues that had been addressed by this court in its March 30, 2009 order, that is, whether the prosecutor's failure to disclose evidence prior to the preliminary hearing regarding witness Miller violated Jaffe's due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963), and whether trial counsel rendered ineffective assistance by failing to object to the prosecutor's misstatements of the law.

As to the fourth issue certified for appeal, the Ninth Circuit perceived a Confrontation Clause claim in Jaffe's November 1, 2005 petition that was not addressed by this court, and concluded that although the claim was not "fairly presented" to the state courts and it was not entirely clear that Jaffe "raised" such a claim before this court, it was nevertheless

2

"sufficiently argued" in the papers before this court to warrant further proceedings.  The Ninth Circuit further suggested that it found the Confrontation Clause claim to be potentially meritorious, noting that it was "exceedingly troubled by Confrontation Clause implications that arise from the admission of [Officer David] Miller's preliminary hearing testimony at trial," but that it was unable to reach the merits of the claim because Jaffe had not exhausted it before the state appellate courts.  While concluding that the claim was not exhausted, the Ninth Circuit remanded the matter for this court to "determine in the first instance whether any California procedure remains available to Jaffe for raising [the unexhausted Confrontation Clause claim]," and if so to "exercise its discretion to determine whether Jaffe's petition should be stayed pursuant to either of the procedures outlined in *King* [*v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009)]."

On remand, the court dismissed the Confrontation Clause claim identified by the Ninth Circuit, granted petitioner's motion to stay the petition pending state court proceedings to attempt to exhaust the Confrontation Clause claim, and ordered petitioner to return to this court to amend the petition within 30 days after the state courts had completed their review.  Doc. no. 73.  Petitioner's exhaustion effort took the form of a motion to recall the remittitur.  After the court of appeal summarily denied the motion to recall the remittitur on June 12, 2013, and the California Supreme Court denied a petition for review on October 2, 2013, petitioner filed an amended petition on October 25, 2013, which alleged a Confrontation Clause claim.

After the court issued an order to show cause why the first amended petition should not be granted, petitioner filed a motion for leave to file a second amended petition to add a claim for ineffective assistance of appellate counsel, which was opposed by respondent.  The court granted leave to amend and set filing deadlines for respondent to answer or otherwise respond to the second amended petition.  Respondent filed the instant motion to dismiss on February 10, 2014.  The motion is fully briefed and ripe for decision.

## II. Legal Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), to seek federal habeas relief, a state prisoner ordinarily must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). *See Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Petitioner has the burden of pleading exhaustion in his habeas petition. *See Cartwright v. Cupp*, 650 F. 2d 1103, 1104 (9th Cir. 1981). The exhaustion requirement is satisfied only if (1) the federal claim has been fully and fairly presented to the state courts, or (2) no state remedy remains available. *See Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (citing *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996)).

A petitioner fully and fairly presents a claim to the state courts, "if he presents the claim (1) to the correct forum; (2) through the proper vehicle; and (3) by providing the factual and legal basis for the claim. Full and fair presentation additionally requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief." *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009) (citations omitted).

## III. Discussion

### A. Fair Presentation of Confrontation Clause Claim

Respondent contends that petitioner's motion to recall the remittitur did not serve to exhaust state remedies for either of his claims alleging violation of the Confrontation Clause and ineffective assistance of appellate counsel. Respondent argues that once a remittitur issues, the jurisdiction of the appellate court ceases, and jurisdiction is revested in the trial court. But because petitioner's motion to recall the remittitur was denied without comment by the court of appeal, respondent argues that the appellate court never recaptured jurisdiction over petitioner's direct appeal, and did not consider any substantive claim that he tried to present. Mot. at 3. Similarly, respondent argues that the California Supreme Court's denial of the petition for review, from the denial of petitioner's motion to recall remittitur, did not effect the consideration of any substantive claim on the merits.

4

### 1.     Jurisdiction of Court of Appeal

Respondent argues that, under California law, once a remittitur issues, the jurisdiction of the appellate court ceases and jurisdiction is revested in the trial court. Mot. at 3 (citations omitted). Because petitioner's motion to recall the remittitur was denied without comment by the court of appeal, respondent contends that the court of appeal did not recapture jurisdiction over petitioner's direct appeal and therefore did not consider the merits of any substantive claim to effect exhaustion. Mot. at 3. Petitioner cites state law authority recognizing, however, that the court of appeal has jurisdiction to determine whether there are grounds to recall the remittitur:

> Remittitur is the device by which an appellate court formally communicates its judgment to the lower court, finally concluding the appeal and relinquishing jurisdiction over the matter. (See 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, §§ 841, pp. 904-905, 844, pp. 906-907; Code Civ. Proc., §§ 43, 912.) By recalling the remittitur, an appellate court reasserts jurisdiction on the basis that the remittitur, or more often the judgment it transmitted, was procured by some improper or defective means. Technically the court does not reclaim a jurisdiction it has lost, but disregards a relinquishment of jurisdiction that is shown to have been vitiated. (See 9 Witkin, supra, § 847, pp. 909-910.)
>
> Traditionally a remittitur could be recalled only where the appellate judgment was the product of fraud (e.g., *Ellenberger v. City of Oakland* (1946) 76 Cal. App. 2d 828, 830), mistake (e.g., *In re Rothrock* (1939) 14 Cal. 2d 34, 38-39), or inadvertence (e.g., *In re McGee* (1951) 37 Cal. 2d 6, 8-9). More recently the remedy has been applied to criminal cases where the appellate judgment is shown to result from the ineffective assistance of appellate counsel. [*In re Serrano* (1995) 10 Cal. 4th 447, 457, 458; *In re Martin* (1962) 58 Cal. 2d 133, 137, 139.] Relief is based on the principle that "if possible, appeals should be heard and decided on the merits. [Citation.]" (*Serrano*, *supra*, 10 Cal. 4th at p. 458; *Martin*, *supra*, 58 Cal. 2d at pp. 137, 139.)

*In re Grunau*, 169 Cal. App. 4th 997, 1002-03 (2008) (recalling the remittitur, where dismissal of appeal was due to ineffective assistance of appellate counsel, and reinstating the direct appeal). Thus, a ruling on a motion to recall the remittitur may involve a determination of the merits of the claims presented in the motion. As recognized by the leading treatise on California law, "If the remittitur issues by inadvertence or mistake, or as a result of fraud or imposition practiced on the appellate court, the court has inherent power

1 to recall it and thereby reassert its jurisdiction over the cause. This remedy, though
2 described in procedural terms, is actually an exercise of an extraordinary substantive
3 power." 9 Witkin, Cal. Proc. 5th (2008) Appeal, § 847, p. 909.

4 In light of this persuasive authority, and in the absence of controlling authority on the
5 question whether denial of a motion to recall remittitur is ineffective to revest jurisdiction in
6 the court of appeal to consider the merits of the claims presented in the motion, the court
7 determines that the court of appeal had jurisdiction to consider the claims presented in the
8 motion to recall remittitur. The court proceeds to determine whether the state court
9 considered the merits of the claims for purposes of exhaustion.

### 2. Claims Presented in Motion to Recall Remittitur

11 A court of appeal must issue a remittitur to the trial court after a decision in an
12 appeal. *See* Cal. Rules of Court 8.272(a). Under California law, the court of appeal has
13 the power to recall a remittitur for good cause. *See* Cal. Rules of Court 8.272(c)(2). Good
14 cause is limited, and the recall generally may not be granted to correct judicial error. *In re*
15 *Gray*, 179 Cal. App. 4th 1189, 1195 (2009) (citing *Pacific Legal Foundation v. California*
16 *Coastal Com.*, 33 Cal. 3d 158, 165 (1982)) (internal citations and quotation marks omitted).
17 Other than to correct clerical errors, a remittitur may be recalled only on the ground of
18 fraud, mistake, or inadvertence. *In re Richardson*, 196 Cal. App. 4th 647, 663 (2011) (citing
19 *Pacific Legal Foundation*, 33 Cal. 3d at 165). "An 'exception' to the rule that a remittitur
20 cannot be recalled to correct an error of law" is made when the error is of such dimensions
21 as to entitle the defendant to a writ of habeas corpus. *In re Gray*, 179 Cal. App. 4th at 1196
22 (citing *People v. Mutch*, 4 Cal. 3d 389, 396-397 (1971)). "The remedy of recall of the
23 remittitur may then be deemed an adjunct to the writ, and will be granted when appropriate
24 to implement the defendant's right to habeas corpus to correct judicial error." *Id.* (citing
25 *Mutch*, 4 Cal.3d at 396-397) (internal quotation marks omitted).

26 Respondent cites *Castille v. Peoples*, 489 U.S. 346, 347 (1989), in support of his
27 argument that the California Supreme Court did not consider the merits of the claims
28 presented in the petition to recall the remittitur. In *Castille*, the defendant's state court

6

conviction for "arson-endangering persons," aggravated assault and robbery, was affirmed on direct appeal. The defendant presented new claims in two petitions for allocatur with the Pennsylvania Supreme Court, which denied the petitions without reaching the merits of the claims presented. The defendant subsequently filed a habeas petition including two claims that were first raised in the unsuccessful allocatur petitions: deprivation of the defendant's state law right to a bench trial and ineffective assistance of trial counsel. On appeal from the district court's dismissal for failure to exhaust state remedies, the Third Circuit held that presentation of the claims in the petitions for allocatur sufficiently exhausted state remedies.

Reversing the court of appeals, the Supreme Court noted that allocatur review was discretionary under state law: "Under Pennsylvania law, such allocatur review 'is not a matter of right, but of sound judicial discretion, and an appeal will be allowed only when there are special and important reasons therefor.'" *Castille*, 489 U.S. at 347 (quoting Pa. Rule App. Proc. 1114). The Supreme Court concluded that raising a claim "for the first and only time in a procedural context in which its merits will not be considered unless 'there are special and important reasons therefor,'" does not constitute "fair presentation" for purposes of exhaustion. *Id.* at 351. *Castille* distinguished the discretionary procedural context presented there without special circumstances, i.e., "without more," from cases where it was reasonable to assume that further state proceedings would be useless, such as where the state actually passed upon the claim or where the claim was presented as of right but ignored and impliedly rejected. *Id.* (citing *Brown v. Allen*, 344 U.S. 443 (1953) and *Smith v. Digmon*, 434 U.S. 332 (1978) (per curiam)). The Supreme Court held that although it was error "to rest a conclusion of exhaustion upon respondent's presentation of his claims in petitions for allocatur[, t]he requisite exhaustion may nonetheless exist . . . if it is clear that respondent's claims are now procedurally barred under Pennsylvania law." *Id.* at 351.

Following *Castille*, the Ninth Circuit has held that "[s]ubmitting a claim to the state's highest court in a procedural context in which its merits will not be considered absent

7

special circumstances does not constitute fair presentation." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). In *Roettgen*, the petitioner pled guilty to aggravated assault, then filed a state habeas petition in the Arizona Supreme Court, alleging that the trial court lacked jurisdiction, that he was denied an arraignment, and that his guilty plea was not knowing and voluntary. The Arizona Supreme Court dismissed his habeas petition, stating that the relief he sought "may be obtained through a petition for post-conviction relief in the trial court" pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. Under those rules, Rule 32 consolidates several types of post-conviction writs, petitions, and motions into one comprehensive post-conviction remedy, including state habeas corpus. *Roettgen*, 33 F.3d at 38. "Rule 32 does not eliminate habeas corpus as a remedy; however, habeas corpus is subordinated to the post-conviction remedy of Rule 32." *Id.* (citing Ariz. R. Crim. P. 32.3 & comment). Rather than file a Rule 32 motion in state court, Roettgen then filed a federal habeas corpus petition raising the same three claims. The district court dismissed the habeas petition for failure to exhaust state remedies.

Affirming the dismissal, the Ninth Circuit reasoned, "Because Rule 32 now explicitly provides a post-conviction remedy for jurisdictional challenges, and because the Arizona legislature and the courts have shown a clear preference that claims cognizable under Rule 32 be presented in a Rule 32 petition for post-conviction relief rather than a petition for habeas corpus, Roettgen has not fairly presented those claims to the Arizona Supreme Court." *Roettgen*, 33 F.3d at 38 (citing *Castille*, 489 U.S. at 351). Respondent argues that under *Castille* and *Roettgen*, petitioner failed to exhaust his Confrontation Clause and ineffective assistance of appellate counsel claims because the California Supreme Court did not consider the merits of those claims, which were the basis of his motion to recall remittitur.

A motion to recall remittitur under California law is distinguishable from the state court procedures at issue in *Castille* and *Roettgen*. In *Castille*, the Supreme Court found the allocatur petition insufficient to exhaust new claims, a procedure which, under Pennsylvania law, "is a request for a certiorari-like form of discretionary review by the

8

1  highest state court." *Casey v. Moore*, 386 F.3d 896, 916-17 (9th Cir. 2004) (footnote
2  omitted).  In *Roettgen*, the Ninth Circuit held that the petitioner failed to present his claims
3  pursuant to the Arizona Rules of Criminal Procedure and did not fairly present his claims in
4  a habeas petition to the Arizona Supreme Court.  By contrast, a motion to recall the
5  remittitur under California law may involve a determination of the merits of the claims
6  presented in the motion and is not a purely discretionary or procedural matter.  "'This
7  remedy [recalling the remittitur], though described in procedural terms, is actually an
8  exercise of an extraordinary substantive power[;] its significant function is to permit the
9  court to set aside an erroneous judgment on appeal obtained by improper means.'"  *In re*
10 *Gray*, 179 Cal. App. 4th at 1196 (quoting 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal
11 § 847, p. 909).  *Cf. Casey*, 386 F.3d at 917 (finding that "[t]he allocatur petition in *Castille* is
12 analogous to the discretionary review Casey sought from the Washington State Supreme
13 Court," and holding that the petitioner failed to fairly present claims that were raised for the
14 first and only time to the highest state court on discretionary review, but that claims were
15 exhausted because no further state remedies were available to him, and therefore
16 procedurally defaulted).

17     In *Chambers*, the Ninth Circuit recognized the Supreme Court's holding in *Castille*,
18 489 U.S. at 351, "that exhaustion is not satisfied 'where the claim has been presented for
19 the first and only time in a procedural context in which its merits will not be considered
20 unless there are special and important reasons therefor.'"  *Chambers v. McDaniel*, 549
21 F.3d 1191, 1196 (9th Cir. 2008) (internal quotation marks omitted).  The Ninth Circuit
22 reasoned, however, that *"Castille* does not address the question presented here, as *Castille*
23 involved only a state court's rejection without comment of a new claim in an extraordinary
24 motion and does not tell us what to do when a court has in fact spoken on the issue."
25 *Chambers*, 549 F.3d at 1196.  In *Chambers*, by contrast to *Castille*, "the Nevada Supreme
26 Court did not deny without comment or opinion.  Instead, the court issued an order stating
27 that it had 'considered the petition on file' and that its intervention 'by way of extraordinary
28 relief' was not warranted at this time."  549 F.3d at 1196.  The Ninth Circuit in *Chambers*

noted that "[i]mportantly, the [Nevada] court reiterated in the footnote that it 'had considered' all the documents filed and received in the matter, and that it 'concluded that the relief requested is not warranted.'" *Id.* The court in *Chambers* concluded that "[a] fair and plausible reading of the Nevada Supreme Court's order of denial is that the court considered the merits of Chambers' claim, but was not persuaded as to its validity." *Id.* at 1197.

The court in *Chambers* articulated a rebuttable presumption of merits determination for exhaustion purposes to resolve an ambiguity as to whether a state court opinion reached the merits of a claim or decided only on procedural grounds. "Therefore, unless a court expressly (not implicitly) states that it is relying upon a procedural bar, we must construe an ambiguous state court response as acting on the merits of a claim, if such a construction is plausible." *Chambers*, 549 F.3d at 1197. The Ninth Circuit applied the *Chambers* rule in *Smith*, where the Oregon appellate court affirmed the denial of post-conviction relief in a cursory order, without any discussion or citation, to determine that the state court decided the federal claim on the merits for exhaustion purposes. *Smith v. Oregon Bd. of Parole & Post-Prison Supervision, Superintendent*, 736 F.3d 857, 858-59 (9th Cir. 2013). The court in *Smith* cited *Harris v. Reed*, where the Supreme Court instructed that "a procedural default does not bar consideration of a federal claim . . . unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." *Id.* (citing *Harris v. Reed*, 489 U.S. 255, 263 (1989)) (internal quotation omitted).

Here, where Jaffe's motion for recall of the remittitur presented substantive claims that alleged error "of such dimensions as to entitle the defendant to a writ of habeas corpus," *In re Gray,* 179 Cal. App. 4th at 1196, the court determines that the claims were fairly presented to the California Supreme Court. *See Hayward v. Stone*, 496 F.2d 844, 846 (9th Cir. 1974) ("When the petitioner employs an application to recall the remittitur in appropriate circumstances then a denial of the application, followed by a denial of a petition for hearing by the California Supreme Court, exhausts an appropriate state court remedy,

10

unless the California court expressly or by an appropriate citation indicates that the denial is on procedural grounds.").

### 3. Denial on the Merits

To determine whether the court of appeal's denial of the application to recall the remittitur, followed by denial of a petition for review by the state supreme court, exhausts the claims, the court looks to authority governing exhaustion of habeas claims. Where a state court issues an ambiguous "postcard denial" of a habeas petition, it will be construed as a decision on the merits for purposes of exhaustion, if such a construction is plausible, unless that court expressly states that it relied upon a procedural bar. *Chambers v. McDaniel*, 549 F.3d 1191, 1197 (9th Cir. 2008).

In determining whether the deferential standard of review set forth in § 2254(d) applies to federal habeas review of a state court order that is unaccompanied by an opinion explaining the reasons relief has been denied, the Supreme Court has held, "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011). "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id.* at 784. "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely," *id.* at 785, such that the state court decision is not entitled to deference under § 2254(d). In *Johnson v. Williams*, the Supreme Court reiterated the *Richter* presumption and held that AEDPA's deferential standard of review applied to a state court ruling that addressed some but not all of the federal claims: "When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits - but that presumption can in some limited circumstances be rebutted." 133 S. Ct. 1088, 1096, *reh'g denied*, 133 S. Ct. 1858 (2013).

11

Although the Supreme Court has not applied the *Richter* presumption for purposes of exhausting all available state remedies pursuant to § 2254(b), the Ninth Circuit has cited *Williams* as support for construing a state court's "cursory rejection" of a direct appeal as a decision on the merits for purposes of exhaustion. *See Smith v. Oregon Bd. of Parole & Post-Prison Supervision, Superintendent*, 736 F.3d 857, 861 (9th Cir. 2013) ("Because the [Oregon] Court of Appeals thus rejected the state hearsay claims on the merits, its failure to treat the federal constitutional argument separately requires that under *Chambers*, we presume that the federal claim was also rejected on the merits.") (citing *Williams*, 133 S. Ct. at 1096), mandate issued Feb. 18, 2014. *Cf. Smith,* 736 F.3d at 862 (Kozinski, C.J., dissenting) (the presumption that a summary disposition constitutes a decision on the merits of a federal claim, unless the state court "'clearly and expressly states that its judgment rests on a state procedural bar,' . . . applies only when the state court's ruling fairly appears to rest primarily on the resolution of federal claims, or to be interwoven with such claims, neither of which is the case here") (citing *Harris*, 489 U.S. at 263).

Here, the court of appeal did not state the grounds for denying petitioner's motion to recall the remittitur. See First Am. Pet., Ex. F ("Appellant's motion to recall remittitur is denied."). Similarly, the state supreme court did not provide reasons for denying review. First Am. Pet., Ex. G ("The petition for review is denied."). In particular, the state courts did not articulate a procedural basis for denying petitioner's requests.

Respondent argues that the habeas remedy was not available under state law because petitioner was released from custody three years before he moved to recall the remittitur. Reply at 2-3 (citing *People v. Villa*, 45 Cal. 4th 1063 (2009) (state habeas relief unavailable where the petitioner was not in actual or constructive state custody)). Thus, respondent argues that petitioner's motion to recall the remittitur would have been rejected on procedural grounds for want of custody. Reply at 3 n.1 (citing *Hayward*, 496 F.2d at 846). Respondent concedes, however, that there is "no California authority clarifying whether the ordinary habeas limitations apply when a motion to recall is considered a habeas petition." *Id.*

12

The Ninth Circuit has recognized that the application to recall the remittitur "has attained 'independent vitality' as a post-conviction remedy in certain circumscribed situations" even when the writ of habeas corpus is available to perform the same function. *Hayward*, 496 F.2d at 845-46. In *Hayward*, the court of appeals recognized that an "application to recall the remittitur is the correct procedure only in cases in which the appropriate remedy is the reinstatement of the appeal (e.g., where counsel of effective counsel was denied on appeal)." *Id.* at 846. The court in *Hayward* noted that "[i]n all other circumstances, a denial without opinion of an application to recall the remittitur would be a denial on the procedural ground that the incorrect remedy was sought and the exhaustion requirement would not be met." *Id.* (citation omitted). In the absence of authority imposing a custody requirement, similar to habeas, for an applicant seeking recall of the remittitur, and where petitioner sought reinstatement of his appeal to exhaust his Confrontation Clause claim, the court construes the state court's denial of the motion to recall the remittitur as a decision on the merits for purposes of exhaustion. *See Smith*, 736 F.3d at 860-61 and n.1. The motion to dismiss the claims for habeas relief as unexhausted is therefore denied.

### B.   Ineffective Assistance Claim

Respondent also seeks dismissal of the claim for ineffective assistance of appellate counsel, based on failure to raise the Confrontation Clause claim on appeal, as beyond the scope of the remand by the court of appeals. Petitioner expressly sought leave to amend the petition to include this ineffective assistance of appellate counsel claim as a basis for establishing cause and prejudice to excuse procedural default, in the event that the court should find that the Confrontation Clause claim was procedurally defaulted, i.e., that the state court denial rested on a state law procedural ground that is independent of the federal question and adequate to support the judgment. Mot. Leave to Amend at 5 ("The entire purpose of the amendment now proposed by Petitioner is 'to facilitate a decision on the merits, rather than on technicalities.'"). *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). As petitioner argues in opposition to the motion to dismiss, "[t]he ineffective

13

assistance of appellate counsel, in failing to raise a viable constitutional claim, serves as 'cause' sufficient to excuse the petitioner's procedural default of the underlying claim - so long as the ineffective assistance claim was itself fairly presented to the state courts." Opp. to Mot. Dism. at 3 n.6 (citing *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)). In *Murray*, the Supreme Court held that "the exhaustion doctrine, which is 'principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings,' generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray*, 477 U.S. at 488-89 (citing *Rose v. Lundy*, 455 U.S. 509, 518 (1982)). Petitioner further argues that "*Nguyen* imports another alternative: [i]f (as appears) any possible failure to have exhausted the ineffective assistance claim is *itself* excused under the principles of *Martinez*, as elaborated in *Nguyen*, then logically there is nothing to prevent Petitioner from asserting appellate counsel's ineffectiveness as 'cause' to excuse any failure to have exhausted the Confrontation Clause claim under the rule articulated in *Murray v. Carrier*." Opp. to Mot. Dism. at 9-10 (citing *Martinez v. Ryan*, 132 S.Ct. 1309 (2012); *Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013)).

      Although petitioner appears to conflate failure to exhaust with procedural default, procedural default is relevant to the question of exhaustion, which is the issue on remand. Even if federal habeas claims were not fairly presented to the state courts, but an independent and adequate state procedural rule exists which bars their review in federal court, then a habeas petitioner who has defaulted his federal claims in state court meets the technical requirement for exhaustion. *Casey*, 386 F.3d at 920 ("Because at the time Casey filed for habeas relief in the federal district court no further state remedies were available to him, his claims are exhausted.") (citing *Coleman,* 501 U.S. at 732).

      Here, the court has determined that petitioner's Confrontation Clause claim was fairly presented to the state courts in his motion to recall the remittitur, and was therefore exhausted. This determination renders moot petitioner's need to establish cause and prejudice for procedural default in light of *Nguyen*. As petitioner noted in seeking leave to

14

1 amend the petition to add the claim for ineffective assistance of appellate counsel, such a
2 claim does not "add anything of substance that would not already be addressed in the
3 Confrontation Clause claim." Mot. Leave to Amend at 2 n.1.  Because the petition was
4 remanded to determine whether any state remedies remained available for petitioner to
5 raise his Confrontation Clause claim, and if so, whether the petition should be stayed to
6 allow petitioner to exhaust that claim, the ineffective assistance of appellate counsel claim,
7 standing alone, is beyond the scope of the remand.  *See Hall v. City of Los Angeles*, 697
8 F.3d 1059, 1067 (9th Cir. 2012) ("A district court is limited by our remand when the scope
9 of the remand is clear.").  Dismissal of the ineffective assistance claim is therefore
10 warranted.

## CONCLUSION

1. Respondent's motion to dismiss the second amended petition for writ of habeas corpus is DENIED IN PART.  Respondent shall file an answer within sixty (60) days of the issuance of this order as set forth in the Order to Show Cause (doc. no. 79) with respect to petitioner's Confrontation Clause claim, the only claim remaining to be adjudicated.

2. Respondent's motion to dismiss the second amended petition for writ of habeas corpus is GRANTED IN PART, as discussed above.  The claim for ineffective assistance of appellate counsel is dismissed from the petition.

**IT IS SO ORDERED.**

Dated: June 27, 2014

PHYLLIS J. HAMILTON
United States District Judge